IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:97cr096(5) |
| vs. | : | JUDGE WALTER HERBERT RICE |
| GUADALUPE WOOLUM, | : | |
| Defendant. | : | |

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA (DOC. #366)

Defendant Guadalupe Woolum is charged in the Superseding Indictment (Doc. #23) with one count of conspiring to distribute and to possess with intent to distribute in excess of 100 kilograms of marijuana. On May 20, 2003, Defendant pled guilty. This case is now before the Court on Defendant's Motion to Withdraw Guilty Plea (Doc. #366). On February 10, 2006, the Court conducted an oral and evidentiary hearing on this matter, and the Defendant has filed a supplemental memorandum in support of her motion. See Doc. #404.

Defendant argues that the Court should permit her to withdraw the guilty plea, because it would not be fair to permit that plea to stand, given that she was not aware, at the time she entered it, that she would be deported as a result. During the hearing on this matter, Defendant testified that she has lived in this

country 40 or more years, that her children and grandchildren are citizens of the United States and live here, as does the rest of her family.  In addition, she indicated that she has not maintained a relationship or remained in contact with anyone in Mexico, although her mother has.  She also testified that she was not aware at the time that she entered her guilty plea that she would be deported as a result.

Without addressing the issue in the context of a request to withdraw a guilty plea, courts including the Sixth Circuit have held, in § 2255 proceedings or upon direct appeal, that the failure to warn a defendant of deportation neither renders her plea involuntary nor constitutes ineffective assistance of counsel, because deportation is a collateral consequence of a guilty plea.  See El-Nobani v. United States, 287 F.3d 417, 421 (6th Cir. 2002) (fact that defendant was not aware that guilty plea would result in deportation did not render that plea involuntary); United States v. Amador-Leal, 276 F.3d 511 (9th Cir. 2002) (same); United States v. Fry, 322 F.3d 1198 (9th Cir. 2003) (counsel's performance was not defective as a result of his failure to advise his client that deportation would result from guilty plea).  In United States v. Gonzales, 202 F.3d 20 (1st Cir. 2000), the First Circuit held that the failure of defense counsel to advise the defendant that his guilty plea would result in his deportation to Cuba did not constitute ineffective assistance of counsel, justifying the withdrawal of his guilty plea.  The Gonzales court also concluded that the failure of the District Court to advise the defendant of the collateral consequence of deportation as a result of the conviction that would flow from his guilty plea did not obligate that court to permit him to withdraw his guilty plea.  Id. at 28.  See also United States v. Campbell, 778 F.2d 764 (11th Cir.

1985) (holding that the failure to advise defendant of potentiality of deportation as a result of the guilty plea did not constitute a violation of Rule 11 by the trial court or deficient performance by defense counsel and that, therefore, lack of such advice prior to the entry of the guilty plea was not the basis for withdrawing that plea). In accordance with the foregoing decisions, this Court concludes that the failure to inform Defendant that she would be deported as a result of her guilty plea does not justify its withdrawal.[1]

---

[1]In United States v. Spencer, 836 F.2d 236 (6th Cir. 1987), the Sixth Circuit announced a five-factor test to be applied when a defendant moves to withdraw his plea before he has been sentenced. That court subsequently added a sixth factor to the calculus. In United States v. Durham, 178 F.3d 796 (6th Cir.), cert. denied, 528 U.S. 1033 (1999), the Sixth Circuit reviewed the applicable factors:
> Federal Rule of Criminal Procedure 32(e) provides that a court may permit a defendant to withdraw a plea prior to sentencing if he shows any "fair and just reason" for the withdrawal. Fed. R. Crim. P. 32(e). In Spencer, 836 F.2d at 239-40, this Court promulgated five factors for a court to consider in determining whether to grant a motion to withdraw: (1) the length of time between the guilty plea and the filing of the motion to withdraw, (2) the defendant's reason for not presenting the grounds earlier, (3) whether the defendant has asserted or maintained his innocence, (4) the circumstances surrounding the plea, the nature and background of the defendant, and whether the defendant has admitted guilt, and (5) any potential prejudice to the government, although a showing of prejudice is not necessary. In United States v. Pluta, 144 F.3d 968, 973 (6th Cir. 1998), this Court added the defendant's prior experience with the criminal justice system as a sixth factor.

Id. at 798-99. Accord, United States v. Valdez, 362 F.3d 903, 912 (6th Cir. 2004).

Although Defendant has not addressed that six-factor test in her motion, the Court will discuss it briefly, discussing only the first factor in any detail. Defendant did not file her motion seeking to withdraw her plea until more than 15 months after she had entered that plea. The Sixth Circuit has repeatedly indicated that motions to vacate are properly denied, when substantial time has passed after the entry of the plea. See e.g., Valdez, 362 F.3d at 912-13 (75 day delay, alone, justified the decision of the District Court to deny the defendant's request to withdraw his guilty plea); Durham, 178 F.3d at 798 (terming seventy-seven day delay the strongest factor supporting the district court's denial of the defendant's

- 4 -

Based upon the foregoing, the Court overrules Defendant's Motion to Withdraw Guilty Plea (Doc. #366).


July 28, 2006

                                         /s/ Walter Herbert Rice
                                      WALTER HERBERT RICE, JUDGE
                                      UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record

---

motion to withdraw his plea); United States v. Baez, 87 F.3d 805, 807 (6th Cir. 1996) (calling a sixty-seven-day delay the strongest factor supporting its denial of the motion to withdraw); United States v. Alexander, 948 F.2d 1002 (6th Cir. 1991) (nearly five months too long a delay to warrant withdrawal of the plea), cert. denied, 502 U.S. 1117 (1992).  Herein, Defendant's period of delay is far longer than in those decisions.  Coupling that lengthy delay with the Defendant's admission of guilt under oath during the change of plea hearing and the absence of any evidence indicating that another factor would support her request to withdraw her guilty plea causes this Court to conclude that an application of the six-factor test does not support her request to withdraw her guilty plea.